IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NILDA TORRES, | ) |
| | ) |
| Plaintiff, | )  C.A. No. |
| | ) |
| vs. | ) |
| | ) |
| BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORTION and UE YONKERS II, LLC. | ) ) ) ) |
| | ) |
| Defendants. | ) |

NOTICE OF REMOVAL OF DEFENDANTS, BURLINGTON
STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION
AND BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

Defendants, Burlington Stores, Inc. (hereinafter "BSI"), Burlington Coat Factory Direct Corporation (hereinafter "BCFDC") and Burlington Coat Factory Warehouse Corporation (hereinafter "BCFWC") (collectively referred to herein as the "Burlington Defendants"), hereby remove this civil action bearing Index No. 806496/2022E from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1332.

1. Plaintiff, Nilda Torres (hereinafter referred to as "Plaintiff"), commenced this action in the Supreme Court of the State of New York, County of Bronx by filing a Civil Action Complaint ("Complaint") on or about April 27, 2022. A copy of the Summons and Complaint is attached hereto as Exhibit "A" without admission or adoption.

2. Plaintiffs seek damages pursuant to injuries allegedly sustained by the Plaintiff, which allegedly occurred at the Burlington Coat Factory Store located at 2500 Central Park Avenue, Yonkers, New York. (*See* Exhibit "A").

3. Plaintiff is a resident of the State of New York, New York, County of Bronx, residing at 120 Alcott Place, Apt. 7G, Bronx, New York 10475 according to the Summons attached to the Complaint enclosed herewith as Exhibit "A."

4. Plaintiff's address is 3000 Bronx Park East, Bronx, NY 10467 since 2000, according to "PeopleMap" Report Data provided by WESTLAW.

5. Plaintiff has social security number 115-56-xxxx issued in New York between 1975 – 1976.

6. Plaintiff is associated with numerous cellular phone numbers issued in New York including 914-584-xxxx, 718-519-xxxx, 718-515-xxxx, 646-305-xxxx and 718-519-xxxx, according to "PeopleMap" Report Data provided by WESTLAW.

7. Plaintiff is a New York Registered Voter since September 13, 1996, according to "PeopleMap" Report Data provided by WESTLAW.

8. For diversity purposes, it is well-established that the citizenship of an individual is equivalent to her domicile. *Yonofsky v. Wernick*, 362 F. Supp. 1005 (S.D.N.Y. 1973); *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y. 1962). Domicile is defined by residence in fact along with the intent to remain there or to return when absent. *Kaufman & Broad v. Gootrad*, 397 F. Supp. 1054, 1055 (S.D.N.Y. 1975). An individual's residence at the time a lawsuit is commenced provides *prima facia* evidence of its domicile. *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y 1962). Domicile must be established by the totality of the evidence of a person's contacts with the state and intent to remain there. *See e.g.*, *Broadstone Realty Corp. v. Evans*, *supra*.

9. Based on the totality of Plaintiff's aforementioned contacts with the State of New York, Plaintiff's Citizenship is that of the State of New York.

10. Defendant, Burlington Stores, Inc. is a foreign Corporation organized and existing under the laws of the State of Delaware which has its principal place of business located at 1830 Route 130 North, Burlington, New Jersey 08016. Defendant, Burlington Stores, Inc. is a Citizen of the State of Delaware and the State of New Jersey is not a citizen of the State of New York.

11. Defendant, Burlington Coat Factory Direct Corporation ("BCFDC") is a foreign Corporation organized and existing under the laws of the State of New Jersey which has its principal place of business located at 1830 Route 130 North, Burlington, NJ 08016. Defendant BCFDC is a Citizen of the State of New Jersey and is not a citizen of the State of New York.

12. Defendant, Burlington Coat Factory Warehouse Corporation ("BCFWC") is a foreign Corporation organized and existing under the laws of the State of Florida which has its principal place of business located at 1830 Route 130 North, Burlington, NJ 08016. Defendant, BCFW is a citizen of the State of Florida and a citizen of the State of New Jersey and is not a citizen of the State of New York.

13. Pursuant to Plaintiff's Complaint (Exhibit "A", Paras. 27-28) by reason of Defendant's alleged negligence, Plaintiff did sustain and will continue to sustain severe and permanent personal injuries, and the associated pain, suffering disabilities, discomforts, impairments, impediments, restriction of motion, agony, shock, mental anguish and limitation of bodily functions and normal daily activities.  As a result of the aforesaid, Plaintiff has undergone surgery, lengthy physical therapy, may require additional surgery in the future, has been rendered sick, sore, lame and disabled, was confined to bed and home, was caused to expends sums of money for medical aid an attention and has been prevented from attending her usual occupation and/or avocation for an extended period of time.

14.     Based on the alleged averments contained in the Complaint, logically the amount in controversy exceeds Seventy-Five ($75,000) Thousand Dollars exclusive of interest and costs as this case allegedly involves serious and severe permanent physical injuries and Plaintiff's allegation that Plaintiff is disabled. (*See* Exhibit "A").

15.     This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

16.     Since Plaintiff and Defendants are citizens of different states, this dispute involves controversies between citizens of different states and therefore is removable pursuant to 28 U.S.C. §1441.

17.     Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United States District Court for the Southern District of New York, which is the District in which the State Court Action is pending.

18.     Plaintiff's Complaint was filed in Bronx County on April 27, 2022.  The Burlington Defendants have not yet received service of process at any of their offices or business locations.  However, Plaintiff's counsel sent an electronic copy of the filed Complaint to the Burlington Defendants' third party administrator, Constitution State Services.  Despite the fact that service has not yet been effected, in an abundance of caution, the Burlington Defendants now file this Notice of Removal and this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) and 28 U.S.C. §1446(b)(3) as it was filed within thirty (30) days of the Burlington Defendants receiving notice of this action.

19.     The undersigned counsel, on behalf of the Burlington Defendants, contacted the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, ("Wilson Elser") which law firm is known to represent Defendant UE Yonkers II LLC in a separate, unrelated matter, in order to procure consent to removal of this action.

20.     Wilson Elser advised that UE Yonkers II LLC had no notice of the Plaintiff's

Complaint and has not yet been served with any Summons or Complaint in this action. Accordingly, the time in which UE Yonkers II LLC may consent to this removal has not yet begun to run.

21. UE Yonkers II LLC is a Delaware limited liability company with its principal place of business located in Wilmington, Delaware. Upon information and belief, UE Yonkers II LLC's member is Urban Edge Properties, a corporation organized under the laws of the State of Maryland, with a principal place of business located at 2405 York Road, Suite 201, Lutherville Timonium, MD 21093-2264. Accordingly, UE Yonkers II LLC is a citizen of the State of Delaware and the State of Maryland and is not a citizen of the State of New York.

22. Defendants will file this date a copy of the Notice of Removal with the Clerk's Office of the Supreme Court of the State of New York, County of Bronx as required by 28 U.S.C. § 1446(c).

23. Defendant will this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c).

**WHEREFORE**, Burlington Stores, Inc., Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation, respectfully requests that the above-entitled action now pending in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: July 6, 2022

*/s/ Randi A. Wolf*
**RANDI A. WOLF, ESQUIRE**
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8903/(215) 241-8844 (fax)
rwolf@sgrvlaw.com


305 Broadway
7th Floor
New York, NY 10007

Attorneys for Defendants, Burlington Stores, Inc., Burlington Coat Direct Corporation and Burlington Coat Factory Warehouse Corporation

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NILDA TORRES, | ) |
| | ) |
| Plaintiff, | ) C.A. No. |
| | ) |
| vs. | ) |
| | ) |
| BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORTION and UE YONKERS II, LLC. | ) **CERTIFICATE OF SERVICE** |
| | ) |
| Defendants. | ) |

    I hereby certify that on this date I served the foregoing Notice of Removal on all parties by causing true and correct copies thereof to be sent via email and United States Mail, postage prepaid, on July 6, 2022 addressed to the following:

<p align="center">James T. Hunt, Esquire<br>
Hunt & Associates, LLC<br>
395 West Passaic Street, St. 205<br>
Rochelle Park, NJ 07662<br>
<em>Counsel for Plaintiff, Nilda Torres</em></p>

And via United States Mail, postage prepaid, addressed to the following:

<p align="center">UE Yonkers II LLC<br>
c/o Corporation Trust Company<br>
Corporation Trust Center<br>
1209 Orange Street<br>
Wilmington, DE  19801</p>

                                                **SPECTOR GADON ROSEN VINCI P.C.**

Dated:  July 6, 2022                    */s/ Randi A. Wolf*
                                            **RANDI A. WOLF, ESQUIRE**