# EXHIBIT "A"

File No: LN0275
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| NILDA TORRES,<br><br>*Plaintiff,*<br><br>-against-<br><br>BURLINGTON STORES, INC.,<br>BURLINGTON COAT FACTORY DIRECT<br>CORPORATION, BURLINGTON COAT<br>FACTORY WAREHOUSE CORPORATION,<br>and UE YONKERS II, LLC,<br><br>*Defendants*. | Index No.: 806496/2022E<br><br>**SUMMONS**<br><br><u>Plaintiff's Address</u>:<br>3000 Bronx Park East,<br>Bronx, New York 10467<br><br><u>Basis of Venue</u><br>Plaintiff's Residence |

To Above Named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or if the verified complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: April 26, 2022

                            HUNT & ASSOCIATES, LLC
                            Attorneys for Plaintiff

                            By: _____
                            James T. Hunt, Jr.

                            395 West Passaic Street, Ste 205
                            Rochelle Park, NJ 07662
                            (201) 820-6003
                                  &amp;
                            5 Penn Plaza, 21st Floor
                            New York NY 10001

**Defendant's Address(es):**

BURLINGTON STORES, INC. VIA SECRETARY OF STATE
C/O CT CORPORATION
820 BEAR TAVEN ROAD
WEST TRENTON, NJ 08628

BURLINGTON COAT FACTORY DIRECT CORPORATION VIA SECRETARY OF STATE
C/O CT CORPORATION
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION VIA SECRETARY OF STATE
C/O CT CORPORATION
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

UE YONKERS II LLC VIA SECRETARY OF STATE
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

FILE NO: LN0275
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| NILDA TORRES,<br><br>                                          *Plaintiff,*<br><br>             -against-<br><br>BURLINGTON STORES, INC.,<br>BURLINGTON COAT FACTORY DIRECT<br>CORPORATION, BURLINGTON COAT<br>FACTORY WAREHOUSE CORPORATION,<br>and UE YONKERS II, LLC,<br><br>                                         *Defendants*. | Index No.: 806496/2022E<br><br>**VERIFIED COMPLAINT** |

Plaintiff, NILDA TORRES, by and through her attorneys, Hunt & Associates, LLC, complaining of the Defendants herein, respectfully sets forth and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to recover damages for the serious and permanent personal injuries she suffered when, as a result of the negligence and carelessness of the Defendants herein, she tripped and fell on or about May 4, 2021 while lawfully within the Burlington Store located at 2500 Central Park Avenue, Yonkers, New York.

## PARTIES

2. At all times relevant herein, Plaintiff, Nilda Torres, was and is an individual with a place of residence in the Bronx, New York.

3. At all times relevant herein, Defendant, BURLINGTON STORES, INC., was and is a foreign corporation, duly incorporated in and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in New Jersey.

4. At all times relevant herein, Defendant, BURLINGTON STORES, INC., owned,

managed, occupied, operated, leased, controlled and/or maintained the land, buildings, premises and structures located at 2500 Central Park Avenue, Yonkers, New York (the "Premises").

5. At all times relevant herein, Defendant, BURLINGTON STORES, INC., was and still is duly authorized to conduct business in the State of New York.

6. At all times relevant herein, Defendant, BURLINGTON STORES, INC., was and still is authorized to transact and solicit business within the State of New York.

7. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was and is a foreign corporation, duly incorporated in and existing under and by virtue of the laws of the State of New Jersey, and duly authorized to conduct business in New York.

8. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, owned, managed, occupied, operated, leased, controlled and/or maintained the land, buildings, premises and structures located at 2500 Central Park Avenue, Yonkers, New York (the "Premises").

9. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was and still is duly authorized to conduct business in the State of New York.

10. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was and still is authorized to transact and solicit business within the State of New York.

11. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, was and is a foreign corporation, duly incorporated in and

2

existing under and by virtue of the laws of the State of Florida, that designated New York County as its corporate residence in its certificate of incorporation.

12. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, owned, managed, occupied, operated, leased, controlled and/or maintained the land, buildings, premises and structures located at 2500 Central Park Avenue, Yonkers, New York (the "Premises").

13. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, was and still is duly authorized to conduct business in the State of New York.

14. At all times relevant herein, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, was and still is authorized to transact and solicit business within the State of New York.

15. At all times relevant herein, Defendant, UE YONKERS II, LLC, was and is a foreign limited liability company, duly incorporated in and existing under and by virtue of the laws of the State of Delaware, that is duly authorized to conduct business in the State of New York.

16. At all times relevant herein, Defendant, UE YONKERS II, LLC, owned, managed, occupied, operated, leased, controlled and/or maintained the land, buildings, premises and structures located at 2500 Central Park Avenue, Yonkers, New York (the "Premises").

17. At all times relevant herein, Defendant, UE YONKERS II, LLC, was and still is duly authorized to conduct business in the State of New York.

18. At all times relevant herein, Defendant, UE YONKERS II, LLC, was and still is

authorized to transact and solicit business within the State of New York.

## FACTS

19. On or about May 4, 2021, while lawfully within the Burlington Store located at 2500 Central Park Avenue, Yonkers, New York, Plaintiff Nilda Torres was caused to trip and fall and thereby sustained serious and permanent injuries as result of the negligence of the Defendants.

20. At the time and place aforesaid, Plaintiff, through no fault or culpable conduct on her part, tripped and fell on a dangerous, hazardous and carelessly designed and placed rack/shelf, thereby causing her to fall and sustain severe, painful, and permanent personal injuries.

21. Defendants BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, and UE YONKERS II, LLC knew and/or should have known that the aforementioned dangerous and hazardous condition was present and existing at a high-traffic area within the Premises, and existed for a sufficient length of time prior to the Plaintiff's injuries.

22. Defendants BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, caused the hazardous and dangerous condition to exist, knowing that such conduct could cause a hazardous and dangerous condition.

23. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE

CORPORATION, AND UE YONKERS II, LLC, despite actual and/or constructive knowledge of the negligently designed rack/shelf and the hazardous condition they created, failed and omitted to inspect, maintain and/or remove the hazardous condition, and failed to provide any warning to Plaintiff and other persons or patrons about the hazardous condition, which caused the Plaintiff's injuries herein.

24. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, in creating the dangerous condition, violated reasonable safety standards and protocols designed to protect the safety of their patrons and customers, including Plaintiff.

25. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, in creating the dangerous condition, violated their own internal safety standards and protocols designed to protect the safety of their patrons and customers, including Plaintiff.

26. Plaintiff's injuries occurred as a result of the negligence, recklessness, carelessness and/or wantonness of the Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, through no fault or culpable conduct on the part of Plaintiff, as a direct and proximate result of one or more of the following acts and/or omissions:

a. Causing, permitting and allowing, and failing to inspect to avoid, a hazardous and dangerous condition to develop and exist at the aforesaid location;

b. Causing, permitting, creating and allowing the violation of reasonable safety standards and protocols, and its own internal safety standards and protocols, which resulted in the creation of the hazardous condition at the aforesaid location;

c. Causing, permitting and allowing a public nuisance to be, become and remain at the aforesaid location, presenting a danger to the public at large, other patrons, and in particular the Plaintiff herein;

d. Failing to properly maintain, inspect, remedy or remove the hazardous condition at the aforesaid location;

e. Maintaining and inspecting the aforementioned premises in a careless, improper and inadequate manner;

f. Causing, allowing and permitting said premises to become dangerous;

g. Failing to warn the public at large and in particular the Plaintiff herein of the dangerous and hazardous condition which had been allowed to be, become and remain at the aforesaid area;

h. Failing to hire, employ and contract agents, servants and/or employees to inspect, repair and/or correct the hazardous conditions at the aforesaid area;

27. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, Plaintiff did sustain and will continue to

6

sustain severe and permanent personal injuries, and the associated pain, suffering, disabilities, discomforts, impairments, impediments, restriction of motion, agony, shock, mental anguish and limitation of bodily functions and normal daily activities.

28. As a result of the aforesaid, Plaintiff has undergone surgery, lengthy physical therapy, may require additional surgery in the future, has been rendered sick, sore, lame and disabled, was confined to bed and home, was caused to expend sums of money for medical aid and attention and has been prevented from attending her usual occupation and/or avocation for an extended period of time.

29. This action falls within one or more of the exceptions of CPLR 1602 et seq.

30. Plaintiff was free from comparative fault, want of care or culpable conduct.

31. The monetary damages sustained by Plaintiff exceed the jurisdictional limitations of all lower courts which would have otherwise had jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS.**
(*Negligence*)

32. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

33. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, and their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the land, buildings, premises,

7

property and/or structures located at 2500 Central Park Avenue, Yonkers, New York, had and continue to have a common law and/or statutory duty to inspect, maintain and/or keep its property and premises in a reasonably safe condition.

34. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the property, had and continue to have a legal duty to keep the premises reasonably safe and free from dangers and hazards to the individuals thereon, including Plaintiff.

35. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the property, owed and continue to owe a legal duty to Plaintiff to ensure that the areas in the Premises were and are maintained and/or are safe for Plaintiff to access and walk on.

36. On or about May 4, 2021, while Plaintiff was lawfully walking within the Premises, she tripped and fell on a hazard as a direct and proximate cause of the carelessness, recklessness and/or negligence of Defendants BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, in the ownership, occupancy, operation, direction, management, supervision, possession and/or control of the said Premises.

37. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, were careless, reckless and/or negligent by:

    a. Causing, permitting and allowing, and failing to inspect to avoid, a hazardous and dangerous condition to develop and exist at the aforesaid location;

    b. Causing, permitting, creating and allowing the violation of reasonable safety standards and protocols, and its own internal safety standards and protocols, which resulted in the creation of the hazardous condition at the aforesaid location;

    c. Causing, permitting and allowing a public nuisance to be, become and remain at the aforesaid location, presenting a danger to the public at large, other patrons, and in particular the Plaintiff herein;

    d. Failing to properly maintain, inspect, remedy and remove the hazardous condition at the aforesaid location;

    e. Maintaining and inspecting the aforementioned premises in a careless, improper and inadequate manner;

    f. Causing, allowing and permitting said premises to become dangerous;

    g. Failing to warn the public at large and in particular the Plaintiff herein of the dangerous and hazardous condition which had been allowed to be, become and remain at the aforesaid area;

    h. Failing to hire, employ and contract agents, servants and/or employees to inspect, repair and/or correct the hazardous conditions at the aforesaid area;

38. Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, had actual and/or constructive notice of the dangerous and hazardous conditions existing on the Premises, and/or caused the hazardous conditions existing on the Premises.

39. Plaintiff's accident and the injuries resulting therefrom were caused by reason of the carelessness, recklessness and/or negligence of Defendants BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, their agents, servants and/or employees, without any fault, want of care or culpable conduct on the part of Plaintiff contributing thereto.

40. Plaintiff's injuries resulting therefrom were a foreseeable result of the negligence and carelessness of Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC.

41. As a direct and proximate result of the negligence of the Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, Plaintiff has suffered and will continue to suffer physical, emotional, mental and psychological injuries as a result of the fall.

42. Based upon the foregoing, Plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains. Plaintiff has been obliged to expend and will expend in the future,

sums of money for medical aid and attention, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, Nilda Torres, demands judgment against the Defendants, BURLINGTON STORES, INC., BURLINGTON COAT FACTORY DIRECT CORPORATION, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, AND UE YONKERS II, LLC, jointly and severally, for damages, with costs, interest and disbursements, and further relief as the Court may deem just.

Dated: 4/26/22

            HUNT & ASSOCIATES, LLC
            Attorneys for Plaintiff Nilda Torres

            By: _____
            James T. Hunt, Jr., Esq.
            395 W. Passaic Street, Suite 205
            Rochelle Park, New Jersey 07662
            &
            5 Penn Plaza - 21st Floor
            New York, NY 10001
            P:(201) 820-6003
            F:(201) 226-0795

## DEMAND FOR INSURANCE INFORMATION PURSUANT TO CPLR 3101(f)
### (as newly amended)

Plaintiff hereby demands that Defendants produce, pursuant to CPLR 3101(f) (as newly amended), insurance information and documents, including but not limited to, all primary, excess and umbrella insurance policies, and the total limits available under any such policies, within the time period prescribed by law.

## ATTORNEY VERIFICATION

James T. Hunt, Jr., an attorney duly admitted to practice law in the courts of the State of New York, affirms the following under penalty of perjury pursuant to CPLR § 2106:

I am the attorney for the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason why this verification is made by me and not by the Plaintiff is that my office is located in a county other than the one in which Plaintiff resides. The grounds of my belief as to all matters in the Complaint not stated to be upon my knowledge are based upon my review of the file, including records, correspondence, reports and documents.

_____
James T. Hunt, Jr.